IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GABRIEL TUBERQUIA, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> 7 TEQUILAS MEXICAN RESTAURANT, : <br> INC., and MARTIN GARCIA, : <br> : <br> Defendants. : | Civil Action Number: <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW GABRIEL TUBERQUIA, Plaintiff above, (hereafter "Plaintiff") by and through the undersigned counsel, and for his Complaint shows the Court the following:

### INTRODUCTION

1.

Plaintiff worked as a serve at Defendants' restaurants in Holly Springs, Georgia and Canton, Georgia, from January 5, 2010 through July 3, 2010. He brings this action under the Fair Labor Standards Act, as amended, (hereafter "the FLSA") to recover (1) the minimum wage that was denied him and an additional amount as liquidated damages (2) the overtime wage that was denied him and an

- 1 -

additional amount as liquidated damages and (3) his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district, and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Gwinnett County, Georgia.

5.

At all times material hereto, Plaintiff has been an "employee" as defined in the FLSA §3(e)(2)(c); 29 U.S.C. §203(e)(2)(c).

6.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c); 29 U.S.C. §§ 206, 207(c).

7.

Defendant 7 Tequilas Mexican Restaurant, Inc., (hereafter "7 Tequillas") is a corporation organized under the laws of the State of Georgia.

8.

At all times material hereto, 7 Tequilas has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d) and an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

9.

7 Tequilas is subject to the personal jurisdiction of this Court.

10.

Defendant Martin Garcia (hereafter "Garcia") resides within Cherokee County, Georgia.

11.

At all times material hereto, Garcia has been an "employer" as defined in FLSA §3(d); 29 U.S.C. §203(d).

12.

Garcia is subject to the personal jurisdiction of this Court.

## COUNT I

## DEFENDANTS' FAILURE TO PAY PLAINTIFF THE MINIMUM WAGE IN VIOLATION OF THE FLSA

13.

The allegations of Paragraphs 1 through 12 above are incorporated by reference, as if each were fully set out herein.

14.

At all times between January 5, 2010 and July 3, 2010, Plaintiff was employed by Defendants as a server.

15.

Plaintiff was an employee within the meaning of the FLSA at all times between January 5, 2010 and July 3, 2010.

16.

Defendants failed to inform Plaintiff of the provisions of FLSA §203(m); 29 U.S.C. §203(m).

17.

During his employment with Defendants, Defendants failed to compensate Plaintiff at a minimum hourly rate of pay as established in accordance with the FLSA.

18.

Defendants failed to compensate Plaintiff for any hours worked between January 5, 2010 and July 3, 2010.

19.

From January 5, 2010 and July 3, 2010, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

20.

As a result of nonpayment of minimum wage as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

21.

Plaintiff is entitled to liquidated damages in addition to the minimum wage compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

## COUNT II

### DEFENDANTS' FAILURE TO PAY PLAINTIFF OVERTIME IN VIOLATION OF THE FLSA

22.

The allegations of Paragraphs 1 through 23 above are incorporated by reference, as if each were fully set out herein.

23.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

24.

Defendants failed to compensate Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours performed in any week from January 5, 2010 and July 3, 2010.

25.

Defendants willfully failed to compensate Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours performed in any week from January 5, 2010 and July 3, 2010.

26.

As a result of underpayment of overtime as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

27.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

**PRAYER FOR RELIEF**

Plaintiff prays that the Court:

A. Award Plaintiff an amount to be determined at trial against Defendants in unpaid minimum wage and overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon, plus Plaintiffs' reasonable attorneys fees and costs.

B. Award Plaintiff his reasonable attorney's fees and expenses of litigation.

C. Award Plaintiff such other and further relief as is just, equitable and

proper.

Respectfully submitted,

| | |
|---|---|
| *s/ Kevin D. Fitzpatrick, Jr.* | *s/ Charles R. Bridgers* |
| Kevin D. Fitzpatrick, Jr., | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3150 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcnblaw.com | charlesbridgers@dcnblaw.com |
| Counsel for Plaintiff | Counsel for Plaintiff |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| GABRIEL TUBERQUIA,  :  :  Plaintiff,  :  :  vs.  :  :  7 TEQUILAS MEXICAN RESTAURANT,  :  INC., and MARTIN GARCIA,  :  :  Defendants.  : | Civil Action Number:  **JURY TRIAL DEMANDED** |

## CERTIFICATE OF COUNSEL

Pursuant to N.D. Ga. R. 7.1., the undersigned counsel certifies that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in N.D.Ga. R 5.1 B.

This 16th day of July, 2010.

3100 Centennial Tower  
101 Marietta Street, N.W.  
Atlanta, Ga. 30303  
Telephone: (404) 979-3150  
Facsimile: (404) 979-3170  
Kevin.Fitzpatrick@dcnblaw.com  

*s/ Kevin D. Fitzpatrick, Jr.*  
Kevin D. Fitzpatrick, Jr.  
Georgia Bar No. 262375  
Counsel for Plaintiff